# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Christopher Duke, | Civil Action No. 8:19-cv-01979-RMG |
| Plaintiff, | |
| v. | **ORDER** |
| Southern Health Partners, Lt. Drew Sisco, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12.) recommending the Court dismiss the Complaint. For the reasons set forth below, the Court adopts the R & R as the order of the Court to dismiss the Complaint.

## I. Background

Plaintiff Robert Christopher Duke is a pro se pretrial detainee at the Pickens County Detention Center ("PCDC"). He files this action in forma pauperis alleging claims under 42 U.S.C. § 1983. Plaintiff alleges he was "attacked in the POD by two inmates" which then caused Plaintiff's jaw to break. (Dkt. No. 1 at 9–10.) Plaintiff alleges that he was taken to an emergency room at Cannon Memorial Hospital where the doctors notified the nurses that Plaintiff should receive surgery within 48 hours. (*Id.* at 6.) Plaintiff alleges that he received surgery 9 days later where his jaw was screwed and re-wired (*Id.* at 12.) Plaintiff alleges he was supposed to have a follow-up appointment within two weeks, but the follow-up appointment did not occur until over a month later. (*Id.*) In addition, Plaintiff alleges that screws are still in his jaw and he still experiences pain. (*Id.*)

1

Plaintiff filed the instant action against Southern Health Partners and Lt. Drew Sisco and asserts two causes of action for an Eighth Amendment violation and a medical negligence claim. (*Id.* at 4,6.)

On July 25, 2019, the Magistrate Judge issued a proper form order informing Plaintiff that his complaint was subject to dismissal for failure to state a claim and for failing to name a proper Defendant. (Dkt. No. 9 at 5, 10.) The Magistrate Judge gave Plaintiff twenty-one days to file an amended complaint or risk dismissal. (*Id.*) Plaintiff did not file an amended complaint and on August 22, 2019, the Magistrate Judge issued an R & R which recommended the Court dismiss the complaint. (Dkt. No. 12.)

## II. <u>Legal Standard</u>

### A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

B.  *Pro Se* **Pleadings**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

C.  **Failure to State a Claim**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

III. **Discussion**

After a thorough review of the R & R and the parties' arguments, the Court finds the Magistrate Judge comprehensively addressed the issues and correctly concluded that Plaintiff's complaint should be dismissed. Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim filed pursuant to 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Magistrate Judge conducted a thorough review of Plaintiff's complaint and correctly concluded that Plaintiff's allegations against Defendant Sisco fail to state a claim. The Magistrate Judge liberally construed Plaintiff's allegations as a "failure to protect" claim. (Dkt. No. 12 at 5.) In order for liability to attach to an alleged Eighth Amendment violation, two elements must be met. First, the inmate must "establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or a substantial risk thereof. *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014). This requires the Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36, 113 S. Ct. 2475, 2482, 125 L. Ed. 2d 22 (1993). Second, the Plaintiff must show that the prison official that allegedly violated Plaintiff's rights had a "sufficiently culpable state of mind." *Danser*, 772 F.3d at 346. In this context, the required state of mind is a "deliberate indifference to inmate health or safety." *Id.* at 347. This inquiry requires "evidence suggesting that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. *Id.* In addition, the Defendant must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* v. *Brennan*, 511 at U.S. 825, 837 (1970).

Plaintiff alleges that Defendant Sisco "acted under color of law" because "[h]e is responsible for the security over the [corrections officers] at PCDC" and failed to protect Plaintiff resulting in Plaintiff being "lynched (jumped) in the POD by 2 people" causing Plaintiff to break his jaw. (Dkt. No. 1. at 6.) Plaintiff does not allege that Defendant Sisco was aware that Plaintiff

4

was at risk to be harmed. *Farmer*, 511 at U.S. 837. As such, the failure to protect claim fails. The Magistrate Judge ably concluded that Plaintiff's complaint fails to state a claim upon which relief can be granted.

The Magistrate Judge reviewed Plaintiff's complaint and correctly concluded that Plaintiff's second cause of action for "medical negligence" fails to state a claim. Negligence is not actionable as a § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 328–36 (1986.) The Magistrate Judge correctly identified that, liberally construed, Plaintiff asserts a claim for deliberate indifference. (Dkt. No. 12 at 8.) Plaintiff essentially alleges Southern Health Partners failed to timely treat Plaintiff's injuries, did not conduct follow-up treatment, and he continues to experience pain. (*Id.* at 6,12.) Plaintiff alleges that Southern Health Care Partners acted "under color of law because they are over the medical . . . at PCDC." (Dkt. No. 1. at 6.) Private actors that provide medical services to a publicly- run prison or jail are usually considered state actors amenable to suit under § 1983. *See generally, West*, 487 U.S. 42. A plaintiff seeking relief under § 1983 against a private corporation must show that a policy or custom caused the violation. *Austin v. Paramount Parks, Inc.* 195 F.3d 715, 728 (4th Cir. 1998.) Plaintiff has not alleged any facts demonstrating that a policy or custom of Southern Health Partners caused his alleged injures. *Hill v. Palmer*, No. 1:18-CV-293-FDW 2019 WL 956816, at *6 (W.D.N.C. Feb. 27, 2019). As such, Plaintiff's deliberate indifference claim fails to state a claim upon which relief can be granted.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 12.) as the order of the Court and **DISMISSES** Plaintiff's complaint. (Dkt. No. 1.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

5

~~September~~ October 1, 2019
Charleston, South Carolina